IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRUCE A. ESTES, ) | |
|    Plaintiff, ) | Civil Action No. 7:23-cv-00266 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| VIRGINIA DEPARTMENT OF, ) |     United States District Judge |
| CORRECTIONS, *et al.*, ) | |
|    Defendants. ) | |

**MEMORANDUM OPINION**

Bruce Estes, an inmate of the Virginia Department of Corrections incarcerated at Green Rock Correctional Center, brought this suit *pro se* alleging claims pursuant to the Religious Land Use and Institutionalized Persons Act (RLUIPA). (Compl., Dkt. No. 1.) Defendants move to dismiss. (Dkt. No. 14.) This motion will be granted.

I.  BACKGROUND

Plaintiff has sued sixteen individual defendants along with the Virginia Department of Corrections and Green Rock Correctional Center. Plaintiff alleges that defendants generally, in violation of his Jewish faith, are providing inedible soy entrees at daily meals; providing a limited Passover menu; denying plaintiff the ability to practice Kiddish, the lighting of Sabbath candles every Friday before the Sabbath and Jewish holy days; limiting items that can be sold by Keefe Commissary, depriving plaintiff of affordable items; limiting the availability of kosher soft drinks for Passover; and stopping the use of single-use plastic utensils and cross-contaminating cups, utensils, and trays. (Compl. at 13.) Plaintiff seeks injunctive relief.

II.  ANALYSIS

**A.  Motion to Dismiss**

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must view all well-pleaded allegations in the light most favorable to the plaintiff.  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 555.  A plaintiff must "plausibly suggest an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pleaded."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*.  *See Manigault v. Capital One, N.A.*, CIVIL NO. JKB-23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023).  While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

2

### B. Personal Involvement

Although plaintiff's allegations must be liberally construed, plaintiff must provide more than general and conclusory statements to allege a plausible claim for relief. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994); *McLin v. VA Dept. of Corr.*, Civil Action No. 7:19cv00247, 2020 WL 448260, at *2 (W.D. Va. Jan. 28, 2020) ("In order to establish liability under RLUIPA . . . a plaintiff must prove, among other things, the personal involvement of each defendant in the violation."). Moreover, a plaintiff cannot refer to the defendants collectively in his complaint, as such generalization is insufficient under Rule 8 of the Federal Rules of Civil Procedure. *McLin*, 2020 WL 448260, at *2. As the Fourth Circuit recently reiterated, general, conclusory, and collective allegations against groups of defendants fail to allege a plausible claim. *See Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. 2023) (recognizing that the plaintiff's complaint failed to meet the plausibility standard when it did not set forth who the defendants were beyond being employees where he was incarcerated or in what capacity the defendants interacted with the plaintiff).

Other than listing them as defendants in the section titled "Parties" (Compl. at 8–10), the substantive allegations of the complaint do not mention 11 of the 16 individual defendants. To the extent that he does name individual defendants, plaintiff's allegations do not plausibly allege RLUIPA violations against those defendants. For example, Estes claims that he met with Batemon, Epps, and Rosenhoff and "explained the problem with using the utensils, cups and trays." (Compl. at 7.) Estes does not explain how these defendants acted with intent to substantially burden the exercise of his religion. *See Alive Church of Nazarene, Inc. v. Prince William Cnty, Va.*, 59 F.4th 92, 104 (4th Cir. 2023)

For these reasons, the court finds that Estes' complaint improperly relies on conclusory and collective allegations against a group of defendants, in violation of Rule 8, and fails to allege a plausible claim for relief.

## III.  CONCLUSION

The court will issue an appropriate order granting defendants' motion to dismiss and dismissing this matter without prejudice, with leave to amend.

Entered: March 4, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge